# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Elsa Victoria De La Cruz,<br><br>　　　　Petitioner,<br><br>v.<br><br>The United States of America, et al.,<br><br>　　　　Respondents. | Case No.: 2:20-cv-01712-APG-NJK<br><br>**Order (1) Lifting Stay and (2) Requiring USA to Show Cause** |

　　　　Petitioner Elsa Victoria De La Cruz filed this habeas corpus proceeding under 28 U.S.C. § 2241 seeking relief from her continued detention by Immigration and Customs Enforcement (ICE). ECF No. 1.  On October 26, 2020, I denied the respondents' motion to dismiss without prejudice and stayed the proceedings until Ms. De La Cruz exhausted her administrative remedies with respect to the bond determination challenged by her habeas petition.  Ms. De La Cruz now moves because the Board of Immigration Appeals has denied her relief. ECF No. 15.  The respondents do not oppose the motion. ECF No. 16. Accordingly, I will grant he motion.

　　　　Ms. De La Cruz is currently detained pending removal under 8 U.S.C. § 1226(a).  The issue presented by her petition is whether she has been deprived of a constitutionally sufficient bond proceeding.  She claims the immigration judge (IJ) improperly placed the burden of proof on her to demonstrate that she was not a flight risk or a danger to the community instead of requiring the Department of Homeland Security (DHS) to make the reverse showing by clear and convincing evidence.

　　　　In a recent case, this court determined an immigration detainee being held under similar circumstances and raising a similar issue was entitled to a new bond hearing before an IJ at

which the government must prove, by clear and convincing evidence, that the petitioner is a flight risk or danger to the community to justify continued detention. *See Vargas v. Wolf*, Case No. 2:19-cv-02135-KJD-DJA, 2020 WL 1929842, (D. Nev. Apr. 21, 2020). The court acknowledged the absence of controlling authority on the burden of proof issue but cited to numerous district court cases in this circuit that imposed the burden on the government. *Id*. at *6. I am inclined to reach a similar conclusion here. Before doing so, however, I will allow the respondents to show cause why Ms. De La Cruz's circumstances are distinguishable from those of the petitioner in *Vargas* or why I should not follow *Vargas*.

I THEREFORE ORDER that Ms. De La Cruz's motion to lift stay **(ECF No. 15) is GRANTED**. The stay is lifted, and the Clerk will administratively reopen this case.

I FURTHER ORDER that the respondents have **until December 8, 2020** to show cause why Ms. De La Cruz is not entitled to habeas relief as discussed above. Ms. De La Cruz will have **10 days** to file a reply to the respondents' response.

Dated: November 20, 2020

_____
U.S. District Judge Andrew P. Gordon